IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OKLAHOMA STATE DEPARTMENT OF EDUCATION, a political subdivision of the State of Oklahoma, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-24-00459-JD |
| UNITED STATES OF AMERICA, et al., | ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

This action was filed on May 6, 2024. [Doc. No. 1]. No summonses were issued. The Court issued a show cause order on August 6, 2024 for Plaintiff to explain why service has not been timely made upon Defendants. [Doc. No. 2]. On August 7, 2024 Plaintiff filed a response to the Court's show cause order and attached certified mail receipts and USPS tracking records for service upon the Defendants. *See* [Doc. No. 4].

Plaintiff's show cause response does not show proper service. To effect service of process on the United States, an agency of the United States, or an officer of the United States acting in an official capacity, Plaintiff must comply with Federal Rule of Civil Procedure 4(i). Plaintiff has not properly served the United States of America, the United States Department of Education, nor any of the individual defendants in their official capacities in accordance with Rule 4(i).

Given Plaintiff's failure to properly serve, the Court is inclined to dismiss this action without prejudice. Pursuant to Federal Rule of Civil Procedure 4(i) and (m),

Plaintiff is directed to show cause not later than **August 26, 2024**, why this action should not be dismissed without prejudice for failure to properly effect service of process within 90 days after filing the complaint and for Plaintiff's failure to prosecute.[1] In the absence of such a showing, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

IT IS SO ORDERED this 19th day of August 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] *See Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (cautioning that the good cause requirement of Rule 4(m) "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule"); *see also In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (noting that "good cause" requires something more than excusable neglect or "simple inadvertence or mistake of counsel or ignorance of the rules").