IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA STATE DEPARTMENT<br>OF EDUCATION, a political subdivision<br>of THE STATE OF OKLAHOMA<br>  Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>MIGUEL CARDONA, in his official<br>capacity as the Secretary of Education,<br><br>UNITED STATES DEPARTMENT OF<br>EDUCATION,<br><br>CATHERINE LHAMON, in her official<br>Capacity as Assistant Secretary for Civil<br>Rights, Department of Education,<br><br>RANDOLPH WILLS, in his official<br>Capacity as Deputy Assistant Secretary for<br>Enforcement, Department of Education<br>  Defendants. | Cause No.: CIV-24-459-JD |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Comes now the Plaintiff, Oklahoma State Department of Education, a political subdivision of the State of Oklahoma, and respectfully submits this response to the Court's Order to show cause regarding dismissal of this action without prejudice for failure to properly effect service of process and failure to prosecute. Plaintiff acknowledges that while the complaint was served, the summons included in the service packet had not been properly issued by the Court. A legal staff member had been instructed to prepare and send the packets upon filing of the Complaint, but failed to do so. Upon discovering this, the

service packets were later served, including the Complaint and Summons, but the error in not issuing the summons was realized upon review of this Court's order to show cause. Plaintiff requests that this Court not dismiss the case due to this technical oversight, and instead allow Plaintiff to cure the defect by reissuing and properly serving the summons. Furthermore, Plaintiff seeks the Court's review of analysis distinguishing the circumstances in *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436 (10th Cir. 1994), and *In re Kirkland,* 86 F.3d 172 (10th Cir. 1996), from the present case.

Federal Rule of Civil Procedure 4(a) requires that a summons be issued by the court and served with the complaint. However, courts have recognized that technical defects in the issuance of the summons do not automatically render the service of the complaint invalid, particularly when the defendant has received actual notice of the lawsuit and there is no resulting prejudice.

In *United Food & Commercial Workers Union, Local 197 v. Alpha Beta Co.,* 736 F.2d 1371 (9th Cir. 1984), the court held that a defect in the summons does not invalidate the service if the defendant receives actual notice and there is no prejudice. The court in *United Food v. Alpha Beta* states, "Rule 4 should be liberally and flexibly construed. See 4 C. *Wright and A. Miller, Federal Practice and Procedure* § 1083 (1969)." The court also adds, "The primary function of Rule 4 is to provide notice of the commencement of an action. *FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson,* 636 F.2d 1300, 1312 (D.C. Cir. 1980)." When this purpose is fulfilled, courts have been willing to overlook technical defects in service.

This reasoning is particularly relevant in the present case, where the United States received the complaint and was fully aware of the action, but the summons included in the service packet had not been properly issued by the Court.

In *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3e 1436 (10th Cir. 1994), the court found service improper because the plaintiffs had not substantially complied with the service requirements. Specifically, they had not served certain individual defendants. ATF agents sued in their individual capacity had never been individually served in any fashion. This case differs from the present situation where the United States did receive actual notice of the lawsuit, which is a critical distinction. The holding in *Despain* is less applicable because it focuses on situations where the defendant was unaware of the action due to improper service, which is not the case here.

In *In re Kirkland*, 86 F.3d 172 (10th Cir. 1996), in a bankruptcy proceeding the court dismissed a case for failure to serve the defendant properly under Rule 4, noting that the plaintiff's repeated failures to comply with procedural requirements demonstrated a lack of good faith effort. Unlike *Kirkland*, the present case involves a single, technical oversight rather than repeated failures, and the United States was fully aware of the lawsuit. The *Kirkland* decision is less applicable as it addresses situations where procedural noncompliance was more severe and prejudicial.

Plaintiff acknowledges the importance of compliance with procedural requirements under Rule 4 of the Federal Rules of Civil Procedure. However, Plaintiff respectfully submits that the failure to include a properly issued summons was an inadvertent, good faith mistake. Plaintiff acted diligently in serving the necessary documents to the

appropriate government entities, and the United States suffered no prejudice as a result of this technical defect.

Under the reasoning of *United States Food & Commercial Workers Union*, the Court may find that service was in substantial compliance and allow Plaintiff to cure the defect by reissuing and properly serving the summons. This approach aligns with the interests of justice and the purpose of Rule 4, which is to ensure that defendants are informed of the actions against them. Dismissal of the case due to this technical error would not serve the interests of justice, particularly when the United States had actual notice and suffered no prejudice as a result.

## PRAYER

WHEREFORE, Plaintiff prays that this Court find that dismissal is not necessary under the circumstances and, alternatively, grant leave to cure the defect by properly issuing and serving the summons on the United States.

*/s/ Shannon D. Smith*
Shannon D. Smith, OBA #17346
Michael T. Beason, OBA #18535
Deputy General Counsel for the Oklahoma State Department of Education
2500 North Lincoln Boulevard
Oklahoma City, Oklahoma 73105
Telephone: 405.522.2424
Email:
shannon.smith@sde.ok.gov
michael.beason@sde.ok.gov
*Attorneys for the Plaintiff, Oklahoma State Department of Education*

## CERTIFICATE OF SERVICE

A true copy of the foregoing was mailed to opposing counsel below via U.S. Mail, postage pre-paid, on the 23rd day of August 2024.

United States of America
c/o Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Department of Education
c/o USDE Office of the General Counsel
400 Maryland Ave., SW., Room 6E313
Washington, DC 20202

Randolph Wills
c/o USDE Office of the General Counsel
400 Maryland Ave., SW., Room 6E313
Washington, DC 20202

Catherine Lhamon
c/o USDE Office of the General Counsel
400 Maryland Ave., SW., Room 6E313
Washington, DC 20202

Miguel Cardona
c/o USDE Office of the General Counsel
400 Maryland Ave., SW., Room 6E313
Washington, DC 20202

Shannon D. Smith, OBA #17346