IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA STATE DEPARTMENT OF EDUCATION, a political subdivision of the State of Oklahoma, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. CIV-24-00459-JD ) ) ) ) ) ) |

# **ORDER**

The Court issued show cause orders on August 6, 2024, and August 19, 2024, for Plaintiff to explain why service has not been properly and timely made upon Defendants. Plaintiff responded contending that "the complaint was served" but "the summons included in the service packet had not been properly issued by the Court." [Doc. No. 12 at 1]; *see also* [Doc. No. 4].

District courts in the Tenth Circuit employ "a two-step analysis for dismissal pursuant to Rule 4(m)." *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir. 2003) (unpublished). First, if the plaintiff shows good cause for the failure to timely serve a defendant, the Court must extend the deadline for an "appropriate period." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) (citing Fed. R. Civ. P. 4(m)). Second, "[i]f the plaintiff fails to show good cause, the district court *must* still consider whether a permissive extension of time may be warranted." *Id.* (emphasis added). In making this determination, the Court should consider several factors, including whether "the

applicable statute of limitations would bar the refiled action"; whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an in forma pauperis petition." *Id.* at 842 & n.8 (citation and internal quotation marks omitted).

To serve the United States, a United States agency, or a United States officer, a party must

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i). If a defendant has not been properly served, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "[A]ctual notice is not equivalent to a showing of good cause . . . ." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994). And "[t]he absence of prejudice to the defendants, by itself, does not equate to good cause on the part of the plaintiffs." *Id.*

To comply with Rule 4(i)(A), Plaintiff needed to deliver a copy of the summons and complaint to the United States Attorney for the Western District of Oklahoma (or to a designated assistant United States attorney or clerical employee) or to the civil-process clerk at the United States attorney's office. Here, nothing filed by Plaintiff indicates it has complied or is even aware of this requirement. Nor does Plaintiff provide the Court with a good cause basis for its failure to comply with Rule 4.

However, following the Tenth Circuit's requirement in *Espinoza* that the Court must still consider a permissive extension of time, and considering the complexity of serving the United States and the Plaintiff's responses in an attempt to show its efforts to comply with Rule 4's requirements, the Court exercises its discretion and grants Plaintiff a permissive thirty-day extension. Plaintiff has thirty days from today to properly effectuate service on all Defendants.[1] Absent Plaintiff filing proof of timely and proper service by October 3, 2024, the Court will dismiss this action without prejudice to refiling or dismiss any defendant not properly served, without further warning and without further show cause orders.

IT IS SO ORDERED this 3rd day of September 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] Nonetheless, before proceeding with service of process, Plaintiff should consider whether this action is necessary in light of the related or companion case, *State of Oklahoma v. Cardona*, Case No. 24-cv-461-JD (W.D.O.K.), or whether a voluntary dismissal without prejudice is appropriate and a better use of party and Court resources. *See* Fed. R. Civ. P. 1; Fed. R. Civ. P. 41.