IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OKLAHOMA STATE DEPARTMENT OF EDUCATION, a political subdivision of the State of Oklahoma, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-24-00459-JD |
| UNITED STATES OF AMERICA; MIGUEL CARDONA, in his official capacity as the Secretary of Education; UNITED STATES DEPARTMENT OF EDUCATION; CATHERINE LHAMON, in her official capacity as Assistant Secretary for Civil Rights, Department of Education; and RANDOLPH WILLS, in his official capacity as Deputy Assistant Secretary for Enforcement, Department of Education, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the Court must dismiss the action without prejudice against that defendant after notice to the plaintiff unless the plaintiff shows good cause for the failure to serve.

On September 3, 2024, the Court issued an order granting Plaintiff a permissive thirty-day extension to effectuate service and requiring Plaintiff to file proof of timely and proper service on all Defendants by October 3, 2024. [Doc. No. 13]. The Court reminded Plaintiff that under Rule 4(i)(1), "Plaintiff needed to deliver a copy of the summons and complaint to the United States Attorney for the Western District of

Oklahoma (or to a designated assistant United States attorney or clerical employee) or to the civil-process clerk at the United States attorney's office." [*Id.* at 3]. The Court warned Plaintiff that absent proof of timely and proper service by the deadline, "the Court will dismiss this action without prejudice to refiling or dismiss any defendant not properly served, without further warning and without further show cause orders." [*Id.*].[1]

Plaintiff responded on October 3, 2024, asserting that it had "complied with the Court's Order." [Doc. No. 31]. Plaintiff attached fifteen exhibits purporting to show proof of service. [Doc. Nos. 31-1 to 31-15].

However, Plaintiff has not demonstrated proof of proper service. Federal Rule of Civil Procedure 4(i)(1) instructs that to serve the United States, a party must

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

---

[1] The Court previously noted a companion case in this Court filed by the State of Oklahoma, *State of Oklahoma v. Cardona*, Case No. 24-cv-00461-JD (W.D. Okla.), which is now pending on appeal, Tenth Circuit Case No. 24-6205. *See* [Doc. No. 13 at 3 n.1].

To serve a federal agency or officer in their official capacity, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail" to the agency or officer. Fed. R. Civ. P. 4(i)(2).

Plaintiff has not complied with Rule 4(i). Plaintiff has filed proof of service on the civil process clerk at the United States Attorney's Office for the District of Columbia. *See* [Doc. Nos. 18, 22, 31-4, 31-7]. But because this action was brought in the Western District of Oklahoma, Plaintiff would need to serve the United States Attorney for this district or, alternatively, the civil-process clerk at the United States Attorney's Office for the Western District of Oklahoma.[2] Therefore, Plaintiff has not properly served the United States. Accordingly, it has also failed to serve the other Defendants, who are either federal officials sued in their official capacities or a federal agency. *See* Fed. R. Civ. P. 4(i)(2).

Because Plaintiff did not timely serve Defendants within 90 days of the filing of this action and did not comply with the Court's order giving Plaintiff additional time to effect service, the Court DISMISSES this action as to all Defendants without prejudice to refiling under Federal Rule of Civil Procedure 4(m).

---

[2] By using the language "the civil-process clerk at *the* United States attorney's office," the plain language in Rule 4(i)(1)(A)(ii) clearly references "the United States attorney for the district where the action is brought" in Rule 4(i)(1)(A)(i). Other courts have read the plain language this same way. *See Gerow v. U.S. Dep't of Just.*, Case No. CV-23-01059-PHX-DGC, 2023 WL 8781393, at *1 (D. Ariz. Dec. 19, 2023) (collecting cases).

IT IS SO ORDERED this 16th day of January 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE